**XIANG LIANG LIN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–5747–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Gang Zhou, New York, NY, for Petitioner.

Charles W. Larson, Sr., United States Attorney, Northern District of Iowa, Lawrence D. Kudej, Assistant United States Attorney, Cedar Rapids, IA, for Respondent.

Present: GUIDO CALABRESI, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xiang Liang Lin petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA adopted and affirmed the IJ's finding that Lin had not met his burden of establishing by clear and convincing evidence that he applied for asylum within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(2)(B). We are without jurisdiction to review the agency's factual finding that an asylum application was not timely filed. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151, 154 (2d Cir. 2006). We do retain jurisdiction, however, under the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, to review "constitutional claims or questions of law" as they relate to Lin's asylum application. *See Xiao Ji Chen,* 434 F.3d at 151–54. And Lin does argue that the BIA violated his due process rights by making an independent adverse credibility finding with respect to the one-year bar issue. Assuming *arguendo* that it would violate due process for the BIA to reach an adverse credibility determination *sua sponte* without affording notice to the applicant, no such violation occurred in this case. The IJ made his own adverse credibility finding, which the BIA affirmed. Moreover, the BIA also affirmed the IJ's independent basis for finding that Lin had failed to meet his burden of showing that his application was timely. We therefore lack jurisdiction to review the denial of Lin's asylum claim.

Although Lin applied for withholding of removal and for CAT relief, he does not make arguments with respect to these claims in his brief to our court. We therefore deem Lin's withholding of removal and CAT claims abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).